## SILVERMAN *v.* HENDRICKSON.

---

PATENTS; INTERFERENCE; REDUCTION TO PRACTICE.

Where one of the parties to an interference constructively reduced to practice June 9, 1897, when he filed his original application, and the other did not claim in his preliminary statement or show in his testimony anything that could be construed as reduction to practice, until, to use his own expression, " during the summer of 1897," and nothing to show that he reduced to practice between June 1 and June 9, 1897, the former is entitled to an award of

priority without reference to the time of conception by either party; as it is the fact of reduction to practice, actual or constructive, or the exercise of due diligence to reach that result, that must determine the right of the inventor; and prior conception, without reduction to practice, unless there has been diligence in the elaboration of the idea looking towards reduction to practice, will not avail; *following* Soley v. Hebbard, 5 App. D. C. 99; Porter v. Louden, 7 id. 64; Arnold v. Tyler, 10 id. 175; Carty v. Kellogg, 7 id. 542; Marvel v. Decker, 13 id. 562; Platt v. Shipley, 11 id. 576.

No. 180.   Patent Appeals.   Submitted January 15, 1902.   Decided March 5, 1902.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                 *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an appeal from a decision of the Commissioner of Patents in an interference case, wherein the subject of controversy between the parties is the question of priority of invention of " a composition consisting of the light cellular substance separated out from the fibers in cornstalk-pith, the same being charged with oil."

This composition the appellant Lazarus Silverman in his preliminary statement, claims to have conceived and explained to others " during the early part of the year 1897;" and he alleges that he made samples embodying the invention " during the summer of 1897," " and that during the fall of 1897, he used the said invention in the city of Milwaukee, and elsewhere, and has since continued to use the same in various parts of the United States." These several dates, which are somewhat indefinite, he seeks in his testimony to make more specific.

The appellee Joseph G. Hendrickson alleges in his preliminary statement that he conceived the invention and disclosed it to others about January 1, 1897; that he made no drawing or model of it, but tested the invention about March 1, 1897; that he filed an application in the Patent Office for the subject-matter of this invention on June 9, 1897; that the application involved in this interference, which he claims to be a substitute for and continuation of the original

application, was filed on August 20, 1897; and "that he personally never reduced the invention to practice, but that he understands it has been reduced to practice by others interested in said invention, but as to the exact date of such reduction to practice he is not advised."

This alleged reduction to practice appears in the testimony to have been made by employees of the Marsden Company of Philadelphia, to which Hendrickson appears to have assigned his rights in the invention.

Silverman's application for a patent bears the date of December 4, 1897, while that of Hendrickson reached the Patent Office on August 20, 1897, and his original application, if it is to be regarded, was filed on June 9, 1897.

The examiner of interferences held in favor of the appellant Silverman, the board of examiners-in-chief and the Commissioner of Patents in favor of the appellee Hendrickson. And from the decision of the Commissioner awarding judgment of priority of invention to the latter the present appeal to this court has been prosecuted.

*Messrs. Church & Church* for the appellant.

*Messrs. Foster & Freeman* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The testimony in this case on both sides is remarkably indefinite and unsatisfactory; but for that very reason, if for no other, we are not disposed to disturb the conclusion reached in it by the Commissioner of Patents. Without analyzing the testimony, which has been sufficiently done by the several tribunals of the Patent Office, we find two or three unquestionable facts and circumstances upon which we can dispose of the case.

The appellee Hendrickson, on June 9, 1897, filed his original application in the case, for which the application now in interference is only a substitute. This original application disclosed the invention in controversy, and must be regarded,

according to the usual rule, as a constructive reduction of it to practice. That there never was actual reduction of it to practice by Hendrickson is conceded by him and distinctly stated in his preliminary statement. Nor does it distinctly appear when afterward, if at all, it was actually reduced to practice by his assignee, the Marsden Company. This, however, is of no consequence in the present case, since he is entitled to constructive reduction to practice as of the date of June 9, 1897.

Now, the appellant Silverman does not claim in his preliminary statement, and in our opinion does not show in his testimony, anything that can be construed as reduction to practice until, to use his own expression, "during the summer of 1897." The summer, according to the common understanding, includes the months of June, July and August; and we fail to find anything whatever in the record to show that the appellant effected any reduction of the invention to practice between the first and ninth of June of 1897. This would seem to be decisive of the controversy without any reference to the matter of the time of conception of the idea by either party. For, as we have repeatedly held, it is the fact of reduction to practice, actual or constructive, or the exercise of due diligence to reach that result, that must determine the right of the inventor; and prior conception, without reduction to practice, unless there has been diligence in the elaboration of the idea looking toward reduction to practice, will not avail. *Soley* v. *Hebbard,* 5 App. D. C. 99; *Porter* v. *Louden,* 7 App. D. C. 64; *Arnold* v. *Tyler,* 10 App. D. C. 175; *Carty* v. *Kellogg,* 7 App. D. C. 542; *Marvel* v. *Decker,* 13 App. D. C. 562; *Platt* v. *Shipley,* 11 App. D. C. 576.

But both the Commissioner of Patents and the board of examiners-in-chief held that Hendrickson was not only the first to reduce the invention to practice constructively by the filing of his application, but that he was likewise the first to have an adequate conception of the invention, which the testimony on his behalf would tend to show occurred as early as January of 1897, while Silverman's conception of it claims no earlier date than the latter part of February, 1897.

It is very true that Silverman seems to have been very active during the months of February and March of 1897 in the way of experimentation. But we fail to see that there was in this any adequate reduction of the invention to practice. With full knowledge of what he was then doing and seeking to do, and with the fact of his experiments fresh in his memory, he filed an abortive application on February 19, which does not disclose the subject-matter of the present interference, and which, it would seem, should have disclosed it, if he had it. It covered broadly a claim for defibered pith of cornstalk to be used for any purpose; and it has no reference to any composition of cornstalk and oil. The claim very plainly was for what was already being done by the Marsden Company under the Marsden patent; and Silverman candidly admits that he was only seeking to do in a better way what the Marsden people had been doing for some time. His efforts seem to have been how best to segregate the pith from the woody fiber which passes through it, and not to effect any composition of the pith with oleaginous material for lubrication or any other purpose. It is inconceivable that, if he then had reduced to practice the invention in controversy, he should, in his application filed on December 4, 1897, have assigned his reduction to practice to the summer of that same year. There would seem to have been but little difference between what he did and the perfected invention; but he must be bound by the limitations which he himself prescribes for his reduction to practice.

The decision of the Commissioner awarding judgment of priority of invention to the appellee Hendrickson, is *affirmed.*

*The clerk of the court will certify this opinion and the proceedings in this cause in this court to the Commissioner of Patents according to law.*